UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                     Cr. Case No. 08-20512

Louis John Coker,                       Honorable Sean F. Cox

    Defendant.
_____/

## OPINION RE: CAREER OFFENDER STATUS DETERMINATION

In this action, Defendant Louis John Coker ("Defendant" or "Coker") is charged with at least one "controlled substance offense" within the meaning of U.S.S.G. §§ 4B1.1(a) and 4B1.2(b). It is undisputed that Defendant has one prior conviction of a "crime of violence" under U.S.S.G. § 4B1.2(a). Defendant also has a second prior conviction that may be a "crime of violence" under § 4B1.2(a). This is significant because if the second prior conviction is determined to be crime of violence, Defendant is subject to being sentenced as a career offender under U.S.S.G. § 4B1.1 if he is convicted in this action. Because the difference in the guidelines range for a career offender and a non-career offender is significant, Defendant filed a "Motion for Determination of Career Offender Status," wherein he asked the Court to make a ruling on that issue prior to his plea cut-off date. (Docket Entry No. 15). The Government agreed that the Court should hold a hearing with respect to the facts and law on this issue and make the requested ruling. The Court held the requested hearing on December 18, 2009, and ordered the parties to file pre-hearing briefs setting forth their respective positions. For the reasons that follow, this Court concludes that Defendant's prior conviction under M.C.L. § 752.542 is a

1

crime of violence for purposes of U.S.S.G. § 4B1.1.  Accordingly, if Defendant is convicted in this action he will be sentenced a career offender.

## BACKGROUND

The parties submitted the following materials relating to the state-court conviction at issue: 1) the felony complaint (Ex. A to the Govt.'s Br.); 2) the information (Ex. B to the Govt.'s Br.); 3) the judgment (Ex. C to the Govt.'s Br.); and 4) the transcript of Defendant's guilty plea (Ex. D to the Govt.'s Br.).

The transcript of Defendant's guilty plea reflects that on July 14, 2003, Defendant entered a guilty plea to "Count VII, attempt to commit inciting a riot."  (Ex. D at 7).  Defendant was seventeen years old at this time.  (*Id*. at 6).

The underlying incident occurred on April 30, 2003.  (*Id.* at 10).  At that time, Defendant was placed in the Wolverine facility, a juvenile facility located in Saginaw, Michigan.  (*Id.* at 7, 10-11).  The following was placed on the record as to the factual basis of the offense:

> THE COURT: What is it that you did that makes you guilty?
> MS. AMOS: May I question him, Your Honor?
> THE COURT: Yes.
> MS. AMOS: Mr. Coker, on or about April 30th 2003, were you at 2424 North Outer Drive in the township of Buena Vista, county of Saginaw, state of Michigan?
> DEFENDANT: Yes.
> MS. AMOS: And you were a resident of the Wolverine facility; is that correct?
> DEFENDANT: Yes.
> MS. AMOS: And on that particular date an incident occurred and the fire alarm went off; is that correct?
> DEFENDANT: Yes.
> MS. AMOS: And when the fire alarm went off, you came out into the main area of the facility; is that correct?
> DEFENDANT: Yes.
> MS. AMOS: And you and several others came out of the area that you were; is that correct?

| | |
|---|---|
| DEFENDANT: | Yes. |
| MS. AMOS: | And when you came out, you made statements to staff members that were out in that particular area to the effect that **we're going to beat some ass, let's get it on.** You said some things similar to that; is that correct? |
| DEFENDANT: | Yes. |
| MS. AMOS: | And the tone that you used was a fairly **angry one**? |
| DEFENDANT: | Yes. |
| MS. AMOS: | And when you came out, you came out in a running type of motion, actually a trotting motion, and you had your **fists balled up;** is that correct? |
| DEFENDANT: | Yes. |
| MS. AMOS: | Okay. And as a result of your actions and behavior, others came out of the areas that they were in and **damage was done to the facility**; is that correct? |
| DEFENDANT: | Yes. |
| THE COURT: | Ms. Amos, anything further? |
| MS. AMOS: | No, Your Honor. |
| THE COURT: | Any questions? |
| MR. STROUD: | Just so the record's clear, Mr. Coker, **would you agree that what followed after your actions and the statements to – that you made out loud so others could hear, that what followed was or could be called a riot --** |
| DEFENDANT: | Yes. |
| MR. STROUD: | – at the facility? There were a number of other residents that joined in or **picked up on your actions and began to destroy property and assault staff**; is that correct? |
| DEFENDANT: | Yes. |
| MR. STROUD: | All right. |
| THE COURT: | So, in effect, Mr. Coker, **you were encouraging others to get into it with you and to riot?** |
| DEFENDANT: | Yeah. |

(7/14/03 Tr. at 10-13) (emphasis added).

## ANALYSIS

Section 4B1.1 of the United States Sentencing Guidelines provides that "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least

3

two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

In this action, Defendant is charged with a controlled substance offense and he was at least eighteen at the time of the instant offense.  Thus, in order to be deemed a career offender, Defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense.

It is undisputed that Defendant has at least one prior felony conviction for a crime of violence (i.e., assault with intent to rob).  The issue to be determined by this Court is whether or not a second prior criminal conviction – a 2003 conviction for violating M.C.L. § 752.542 – is a "crime of violence" for purposes of U.S.S.G. § 4B1.1.

The conviction at issue was for attempted incitement to riot under the following statute, and it occurred in 2003, when Defendant was seventeen years old:

> It is unlawful and constitutes incitement to riot for a person or persons, intending to cause or to aid or abet the institution or maintenance of a riot, to do an act or engage in conduct that urges other persons to commit acts of unlawful force or violence, or the unlawful burning or destroying of property, or the unlawful interference with a police officer, peace officer, fireman or a member of the Michigan national guard or any unit of the armed services officially assigned to riot duty in the lawful performance of his duty.

M.C.L. § 752.542.  The term "riot" is expressly defined in the statute as follows:

> It is unlawful and constitutes the crime of riot for 5 or more persons, acting in concert, to wrongfully engage in **violent conduct** and thereby intentionally or recklessly cause or create a serious risk of causing public terror or alarm.

M.C.L. § 752.541 (emphasis added).

The term "crime of violence," as used in U.S.S.G. § 4B1.1, is defined as follows in U.S.S.G. § 4B1.2:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

The parties agree that, in this case, the offense at issue will only constitute a crime of violence if it falls within the "residual clause" in U.S.S.G. § 4B1.2(a)(2) by "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." (Def.'s Br. at 2-3; Govt.'s Br. at 5).

The parties agree that the Government bears the burden of establishing by a preponderance of the evidence that the conviction at issue is a crime of violence. (12/18/09 Hr. Tr. ); *see also United States v. Cadena*, 2009 WL 4063735 at * 8 (E.D. Mich. Nov. 24, 2009).

In the Sixth Circuit, a two-part test is applied to determine whether a conviction fits within the residual clause. *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). First, the court is to consider whether the crime presents a serious potential risk of violence akin to the crimes listed in U.S.S.G. § 4B1.2(a)(2). Second, the court is to consider whether the crime involves the same kind of "purposeful, violent, and aggressive conduct" as the listed crimes. *Id.*

A "categorical approach" is applied to the determination, meaning the court should first "look at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime." *United States v. Ford,* 560 F.3d. at 422. This categorical approach is applied unless "it is possible to violate a criminal law in a way that

5

amounts to a crime of violence **and** in a way that does not." *Id*. (emphasis added).  If that is the case, the court "may look to the indictment, guilty plea and similar documents to see if they 'necessarily' establish the nature of the prior offense." *Id.*

The Government contends that, under the categorical approach, any conviction under the statute is a crime of violence.  The statute at issue provides, in full as follows:

> It is unlawful and constitutes incitement to riot for a person or persons, intending to cause or to aid or abet the institution or maintenance of a riot, to do an act or engage in conduct that urges other persons to commit acts of unlawful force or violence, or the unlawful burning or destroying of property, or the unlawful interference with a police officer, peace officer, fireman or a member of the Michigan national guard or any unit of the armed services officially assigned to riot duty in the lawful performance of his duty.

M.C.L. § 752.542.  The Government appears to take the position that the statute, by its express terms, can be violated in three separate and distinct ways:

> It is unlawful and constitutes incitement to riot for a person or persons, intending to cause or to aid or abet the institution or maintenance of a riot, to do an act an act or engage in conduct that urges other persons to:
>
> 1) commit acts of unlawful force or violence; or
> 2) commit the unlawful burning or destroying or property; or
> 3) commit the unlawful interference with a police officer, or another designated officer, assigned to riot duty in the lawful performance of his duty.

The Government contends that if the statute is violated in the first manner (i.e., by urging others to commit acts of unlawful force or violence), a conviction of that offense would constitute a crime  of violence because that conduct would 1) present a serious risk of violence; and 2) and would involve the same kind of purposeful, violent and aggressive conduct as the listed crimes.

The Government contends that while it is less clear that urging others to destroy property or to interfere with police officers are categorically violent crimes, "[w]hen these sections of the

6

statute are read together with the statute's intent requirement" their "violent nature is evident. It is not enough to encourage a property crime, one must encourage a property crime with the intent to cause a 'riot,' a term which, by its definition, requires 'violent conduct.'" (Govt.'s Br. at 6). Thus, the Government contends that a conviction under any section of the statute should be considered a crime of violence.

The Government alternatively argues that, even if the Court concludes that the statute encompasses both violent and non-violent conduct, consideration of the plea transcript in this case leads to the same result because, by his own admission:

> [D]uring a fire alarm at a correctional facility in which he was housed, defendant ran into the main area and made statements to corrections officers that he was "going to beat some ass." This threat was made while defendant's hands were balled into fists. Defendant further confirmed that he encouraged others to riot and that "other residents [of the correctional facility] joined in or picked up on [his] actions and began to destroy property and assault staff."

(Govt.'s Br. at 9). Thus, the Government contends that the Court should find that the crime of conviction is a crime of violence under either approach.

Defendant contends that the Court should look beyond the mere fact of his conviction, and consider the circumstances underlying the charges, because it is possible to violate the statute in a non-violent manner. (Def.'s Br. at 4). Defendant contends that when the state court records are considered, they show that "Defendant responded to a fire alarm in a juvenile facility by trotting out of his room, acting like a tough guy, and looking for a confrontation." (Def.'s Br. at 8). Defendant contends that "[w]hatever the threshold is for a crime of violence under this incitement statute, these facts fall far short." (*Id.*). Defendant's brief does not address the specific intent element of the statute, nor does he address the fact that the statute expressly defines the term riot as "wrongfully engag[ing] in violent conduct."

Having considered the parties' respective arguments and submissions, the Court concludes that the Government has established, by a preponderance of the evidence, that Defendant's conviction is a crime of violence regardless of which approach is taken.

A.     Categorical Approach:

As this Court reads the statute, each of the three manners of violating the statute involve purposeful conduct and have the same intent requirement (i.e., intent to cause or to aid or abet the institution or maintenance of a riot.)  The statute further defines that term riot as follows:

> It is unlawful and constitutes the crime of riot for 5 or more persons, acting in concert, to wrongfully engage in **violent conduct** and thereby intentionally or recklessly cause or create a serious risk of causing public terror or alarm.

M.C.L. § 752.541 (emphasis added).  Thus, each potential manner of violating the statute requires the intent to engage others in violent conduct.  In other words, a person could not be convicted of violating the statute without having the intent to cause a riot, which by definition involves violent conduct.  Accordingly, the Court agrees with the Government that it does not appear possible to violate the statute in a non-violent manner and thus Defendant's conviction is a crime of violence under the categorical approach.[1]

B.     Consideration Of Plea Colloquy:

If the Court concludes that the statute prohibits several categories of conduct, at least some of which would not qualify as crimes of violence, then the Court may also consider the

---

[1] Moreover, the fact that Defendant pleaded guilty to attempting to incite a riot does not change the result because the term "crime of violence" includes convictions for "the offense of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.1, Appl. n. 1.

charging document and transcript of the plea colloquy. That is, the Court "may take a critical look at the actual facts that led to Defendant's conviction, rather than rely on the elements of the statute alone." *United States v. Cadena*, 2009 WL 4063735 at * 8 (E.D. Mich. Nov. 24, 2009). "The Court may not consider police reports or other records that are not part of the specific factual findings made by the judge and accepted by Defendant." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 21-23 (2005)).

Here, the plea colloquy reflects that while Defendant was housed in a juvenile facility, a fire alarm went off. Defendant then entered an area of the facility, in a running or trotting motion, with his "fists balled up." In an angry tone, Defendant made statements that "we're going to beat some ass, let's get it on" and was encouraging other juveniles placed in the facility to get into it with him and to riot at the facility. Defendant acknowledged that, as a result of his actions and behavior, others in fact came out of the areas they were in and, "picked up on [Defendant's] actions and began to destroy property and assault staff" members at the facility.

Thus, the Court concludes that the actual facts that led to Defendant's conviction also show that his crime presents a serious risk of violence akin to the crimes listed in U.S.S.G. § 4B1.2(a)(2) (i.e., burglary of dwelling, arson, or extortion, involves use of explosives) and involves the same kind of "purposeful, violent, and aggressive conduct" as the listed crimes.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS Defendant's Motion for

Determination as to Career Offender Status. (Docket Entry No. 15). The Court concludes that Defendant's prior conviction under M.C.L. § 752.542 is a crime of violence for purposes of U.S.S.G. § 4B1.1. Accordingly, if Defendant is convicted in this action, he will be sentenced a career offender.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  December 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 21, 2009, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager